Gibbons P.C.
Mark B. Conlan, Esq (NY Bar No. 4697934)
One Gateway Center
Newark, NJ 07102-5310
Telephone:
Email: mconlan@gibbonslaw.com
*Counsel for Emergent Devices, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>ROCHESTER DRUG CO-OPERATIVE, INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 20-20230 (PRW) |
| Adversary Trust Group, LLC as trustee of the RDC LIQUIDATING TRUST,<br><br>Plaintiff,<br><br>v.<br><br>EMERGENT DEVICES, INC f/k/a ADAPT PHARMA, INC., ADAPDT PHARMA, INC.,<br><br>Defendants. | Adv. Proc. No. 22-2015 (PRW) |

**ANSWER**

Defendant Emergent Devices, Inc. (the "Defendant"), by way of this Answer to the Complaint for Avoidance and Recovery of Preferential Transfers and Objection to Claims dated February 3, 2022 (the "Complaint") filed by Advisory Trust Group, LLC, as trustee of the RDC Liquidating Trust (the "Plaintiff"), respectfully says:

## NATURE OF THE ACTION

1. Paragraph one of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph one. To the extent that the Court determines paragraph one of the Complaint contains an allegation, Defendant is without sufficient information to admit or deny such allegation and otherwise leaves the Plaintiff to its proofs.

2. Paragraph two of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph two. To the extent that the Court determines paragraph two of the Complaint contains an allegation, Defendant is without sufficient information to admit or deny such allegation and otherwise leaves the Plaintiff to its proofs.

## THE PARTIES

3. Defendant is without sufficient information to admit or deny the allegations contained in paragraph three of the Complaint and otherwise leaves Plaintiff to its proofs.

4. Defendant is without sufficient information to admit or deny the allegations contained in paragraph four of the Complaint and otherwise leaves Plaintiff to its proofs.

5. Defendant denies the allegations contained in paragraph five of the Complaint.

6. Paragraph six of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant admits that this Court has non-exclusive jurisdiction of the subject matter of this adversary proceeding.

7. Paragraph seven of the Complaint contains legal conclusions to which no response is required. To the extent that the Court determines paragraph seven of the Complaint contains an

allegation, Defendant is without sufficient information to admit or deny such allegation and otherwise leaves the Plaintiff to its proofs..

8. Paragraph eight of the Complaint contains Plaintiff's statement of consent as required by FED. R. BANKR. P. 7008, to which no response is required. Pursuant to FED. R. BANKR. P. 7012(b), Defendant states that it does not consent to entry of final orders or judgment by the Bankruptcy Court.

9. Paragraph nine of the Complaint contains legal conclusions to which no response is required. To the extent that the Court determines paragraph nine of the Complaint contains an allegation, Defendant is without sufficient information to admit or deny such allegation and otherwise leaves the Plaintiff to its proofs.

## BASIS FOR RELIEF REQUESTED

10. Paragraph ten of the Complaint contains legal conclusions to which no response is required. To the extent that the Court determines paragraph ten of the Complaint contains an allegation, Defendant is without sufficient information to admit or deny such allegation and otherwise leaves the Plaintiff to its proofs..

## PROCEDURAL BACKGROUND

11. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 11 of the Complaint and otherwise leaves Plaintiff to its proofs.

12. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 12 of the Complaint and otherwise leaves Plaintiff to its proofs.

13. Defendant admits the allegations contained in paragraph 5 of the Complaint.

14. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 14 of the Complaint and otherwise leaves Plaintiff to its proofs.

3

3004169.1 117330-106794
Case 2-22-02015-PRW, Doc 10, Filed 04/01/22, Entered 04/01/22 16:54:57, Description: Main Document , Page 3 of 9

15. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 15 of the Complaint and otherwise leaves Plaintiff to its proofs.

16. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 16 of the Complaint and otherwise leaves Plaintiff to its proofs. To the extent this allegation refers to specific documents, such documents speak for themselves.

17. Paragraph 17 of the Complaint contains legal conclusions to which no response is required. To the extent that the Court determines paragraph 17 of the Complaint contains an allegation, Defendant is without sufficient information to admit or deny such allegation and otherwise leaves the Plaintiff to its proofs..

## **FACTUAL BACKGROUND**

18. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 18 of the Complaint and otherwise leaves Plaintiff to its proofs. To the extent this allegation refers to specific documents, such documents speak for themselves.

19. Defendant admits that it sold pharmaceutical products to the Debtor. To the extent this allegation refers to specific documents, such documents speak for themselves.

20. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 20 of the Complaint and otherwise leaves Plaintiff to its proofs.

21. Paragraph 21 of the Complaint contains legal conclusions to which no response is required. To the extent that the Court determines paragraph 21 of the Complaint contains an allegation, Defendant is without sufficient information to admit or deny such allegation and otherwise leaves the Plaintiff to its proofs.

22. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 22 of the Complaint and otherwise leaves Plaintiff to its proofs.

4

23. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 23 of the Complaint and otherwise leaves Plaintiff to its proofs. To the extent this allegation refers to specific documents, such documents speak for themselves.

24. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 24 of the Complaint and otherwise leaves Plaintiff to its proofs.

25. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 25 of the Complaint and otherwise leaves Plaintiff to its proofs. To the extent this allegation refers to specific documents, such documents speak for themselves.

26. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 26 of the Complaint and otherwise leaves Plaintiff to its proofs. To the extent this allegation refers to defenses available to Defendant, the Defendant denies that Plaintiff's claims account for statutory defenses.

27. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 27 of the Complaint and otherwise leaves Plaintiff to its proofs.

## **FIRST CLAIM FOR RELIEF**

28. Defendant repeats and realleges its responses contained in each preceding paragraph of the Complaint as if fully set forth herein.

29. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 29 of the Complaint and otherwise leaves Plaintiff to its proofs.

30. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 30 of the Complaint and otherwise leaves Plaintiff to its proofs.

31. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 31 of the Complaint and otherwise leaves Plaintiff to its proofs.

5

3004169.1 117330-106794
Case 2-22-02015-PRW, Doc 10, Filed 04/01/22, Entered 04/01/22 16:54:57, Description: Main Document, Page 5 of 9

32. Paragraph 32 of the Complaint contains legal conclusions to which no response is required. To the extent that the Court determines paragraph 32 of the Complaint contains an allegation, Defendant is without sufficient information to admit or deny such allegation and otherwise leaves the Plaintiff to its proofs.

33. Paragraph 33 of the Complaint contains legal conclusions to which no response is required. To the extent that the Court determines paragraph 33 of the Complaint contains an allegation, Defendant is without sufficient information to admit or deny such allegation and otherwise leaves the Plaintiff to its proofs.

34. Paragraph 34 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant is without sufficient information to admit or deny the allegations contained in paragraph 34 of the Complaint and otherwise leaves Plaintiff to its proofs.

35. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 35 of the Complaint and otherwise leaves Plaintiff to its proofs.

36. Paragraph 36 of the Complaint contains legal conclusions to which no response is required. To the extent that the Court determines paragraph 36 of the Complaint contains an allegation, Defendant is without sufficient information to admit or deny such allegation and otherwise leaves the Plaintiff to its proofs.

37. Defendant admits the allegations contained in paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in paragraph 38 of the Complaint and otherwise leaves Plaintiff to its proofs.

6

3004169.1 117330-106794
Case 2-22-02015-PRW, Doc 10, Filed 04/01/22, Entered 04/01/22 16:54:57, Description: Main Document , Page 6 of 9

## SECOND CLAIM FOR RELIEF

39. Defendant repeats and realleges its responses contained in each preceding paragraph of the Complaint as if fully set forth herein.

40. Defendant denies the allegations contained in paragraph 40 of the Complaint.

41. Defendant admits the allegations contained in paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in paragraph 42 of the Complaint.

## THRID CLAIM FOR RELIEF

43. Defendant repeats and realleges its responses contained in each preceding paragraph of the Complaint as if fully set forth herein.

44. Defendant denies the allegations contained in paragraph 44 of the Complaint.

45. Defendant denies the allegations contained in paragraph 45 of the Complaint.

46. Paragraph 46 of the Complaint contains legal conclusions to which no response is required. To the extent that the Court determines paragraph 46 of the Complaint contains an allegation, Defendant is without sufficient information to admit or deny such allegation and otherwise leaves the Plaintiff to its proofs.

47. Paragraph 47 of the Complaint contains legal conclusions to which no response is required. To the extent that the Court determines paragraph 47 of the Complaint contains an allegation, Defendant is without sufficient information to admit or deny such allegation and otherwise leaves the Plaintiff to its proofs.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

7

3004169.1 117330-106794
Case 2-22-02015-PRW, Doc 10, Filed 04/01/22, Entered 04/01/22 16:54:57, Description: Main Document , Page 7 of 9

The relief sought in the Complaint is barred by the applicable state of limitations.

### THIRD AFFIRMATIVE DEFENSE

The alleged Transfer(s) referred to in the Complaint were intended by the parties to be and were in fact substantially contemporaneous exchanges for new value, and thus cannot be avoided as preferences pursuant to 11 U.S.C. § 547(c)(1).

### FOURTH AFFIRMATIVE DEFENSE

The alleged Transfer(s) referred to in the Complaint were in payment of debt incurred in the ordinary course of business and were made in the ordinary course of business affairs of the Debtor and Defendant, and were made according to ordinary business terms, and thus cannot be avoided as preferences pursuant to 11 U.S.C. § 547(c)(2).

### FIFTH AFFIRMATIVE DEFENSE

The alleged Transfer(s) referred to in the Complaint were followed by subsequent advances by Defendant of new value to the Debtor which were not secured by an otherwise avoidable security interest and on account of which new value the Debtor did not make an otherwise unavoidable transfer to Defendant, and thus cannot be avoided as preferences pursuant to 11 U.S.C. § 547(c)(4).

### SIXTH AFFIRMATIVE DEFENSE

Upon information and belief, the Debtor were not insolvent at the time any of the alleged Transfers were made.

### SEVENTH AFFIRMATIVE DEFENSE

The alleged payments made by the Debtor to the Defendant are not avoidable because the Defendant took same for value in good faith, and without knowledge of the voidability of that transfer as set forth in 11 U.S.C. § 550(b)(1).

8

3004169.1 117330-106794
Case 2-22-02015-PRW, Doc 10, Filed 04/01/22, Entered 04/01/22 16:54:57, Description: Main Document , Page 8 of 9

## EIGTH AFFIRMATIVE DEFENSE

The alleged transfers are not and were not property of the Debtor's estate, so that the Plaintiff is not entitled to turnover of the same.

## NINTH AFFIRMATIVE DEFENSE

The relief sought by the Complaint is barred by the doctrine of laches.

## TENTH AFFIRMATIVE DEFENSE

The relief sought by the Complaint is barred by the doctrine of waiver.

## ELEVENTH AFFIRMATIVE DEFENSE

The relief sought by the Complaint is barred by the doctrine of equitable or other estoppel.

## TWELFTH AFFIRMATIVE DEFENSE

The Plaintiff has sustained no injury or damages as a result of the alleged actions set forth in the Complaint.

**WHEREFORE**, Defendant demand judgment dismissing the Complaint with prejudice, for attorneys' fees and costs of suit, and for such other relief as is just.

Date: April 1, 2022

/s/ Mark B. Conlan
Mark B. Conlan (NY Bar No. 4697934)
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102
Telephone: (973) 596-4500
Facsimile: (973) 596-0405
E-mail: mconlan@gibbonslaw.com

*Attorneys for Emergent Devices, Inc.*

9

3004169.1 117330-106794
Case 2-22-02015-PRW, Doc 10, Filed 04/01/22, Entered 04/01/22 16:54:57, Description: Main Document , Page 9 of 9